UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie B. McFadden, #263951,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Warden Cecilia Reynolds,<br><br>　　　　　　　　　　Defendant.<br>_____ | ) C/A No.: 4:13-309-RBH-TER<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Willie B. McFadden ("Plaintiff"), is currently incarcerated at Kershaw Correctional Institution ("KCI"). Plaintiff, appearing *pro se*, filed his complaint pursuant to 42 U.S.C. § 1983 on February 4, 2013. Plaintiff names as the sole defendant the Warden at KCI. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

**I. FACTUAL BACKGROUND**

Plaintiff files this matter claiming the "courts" have failed to honor their "court issued order." Specifically, he alleges he filed his first application for post-conviction relief ("PCR") in January 2001 which was denied and dismissed with prejudice. He further claims that his PCR counsel failed to file a timely appeal and "attempted to file a petition for reinstatement of petitioner[']s appeal." According to the complaint, the South Carolina Supreme Court ("SCSC") dismissed his appeal without prejudice to Plaintiff's right to seek relief under *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991). Consequently, Plaintiff alleges he tried to re-file, but "all applications were treated as if petitioner was refiling ineffective assistance of trial counsel." Plaintiff claims he has "a constitutional

1

and statutory right to have a full adjudication of the merits raised in his first P.C.R. application." He states that by order dated May 23, 2012, the SCSC prohibited him from filing any further collateral actions in the circuit court challenging his conviction from 2000 without first obtaining permission to file a successive application. In July 2012 Plaintiff claims he wrote a letter to the SCSC asking permission to file a successive PCR application under *Austin, supra,* pursuant to the prior SCSC order allowing him to seek relief due to the alleged negligence of PCR counsel. Plaintiff maintains the opportunity to file under *Austin* "has no time limitation upon it." He also alleges that the failure to be heard on this issue violates his 6th Amendment right to effective assistance of counsel, and 14th Amendment right to due process. He asks this Court to direct the South Carolina courts to honor the first order issued by the SCSC. Thus, Plaintiff seeks mandamus relief.

This is not the first time Plaintiff has raised these issues with this court. In *McFadden v. Cartledge*, Civil Action No. 4:09-739-RBH (D.S.C. 2009), Plaintiff filed a petition for writ of habeas corpus which was found to be time-barred. As a result, summary judgement was granted for the respondents. A Court may take judicial notice of its own books and records. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## II. STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S.

519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)(per curiam). Even under this less stringent standard, however, the pro se petition is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

**III. ANALYSIS**

As an initial matter, to the extent plaintiff is seeking to challenge a conviction and sentence, such relief is exclusively available in a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("When a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); see generally, *Wilkinson v. Dotson*, 544 U.S. 74, 78-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (summarizing the distinctions between § 1983 and habeas actions). Thus, Plaintiff can not challenge a conviction or sentence in his Section 1983 action.

Even if this matter was construed as a habeas action, however, Plaintiff has previously filed a Petition for Writ of Habeas Corpus in this Court challenging the same conviction and sentence. There is no indication that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive or second § 2254 petitions. Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he must seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit.

Furthermore, Plaintiff asks this Court to direct the South Carolina courts to "honor the first order issued" by the South Carolina Supreme Court. The relief requested is in the nature of a mandamus action.

Mandamus is a drastic remedy to be used only in extraordinary circumstances, when "the petitioner has no other adequate means to obtain relief to which there is a clear and indisputable

4

right." *In re Blackwater Sec. Consulting, L.L.C.*, 460 F.3d 576, 592 (4thCir. 2006) (internal quotations and citation omitted). "Courts are extremely reluctant to grant a writ of mandamus." *In re Beard*, 811 F.2d 818, 827 (4thCir. 1987). Mandamus relief is not a substitute for appeal. *In re Catawba Indian Tribe*, 973 F.2d 1133, 1136 (4th Cir. 1992); *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. *In re First Fed. Sav. & Loan Ass'n*, 860 F.2d 135, 138 (4th Cir. 1988). The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969).

In *Gurley v. Superior Court of Mecklenburg County supra*, a state prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court in *Gurley* denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley v. Superior Court of Mecklenburg County*, *supra*, 411 F.2d at 587.

The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988). In *Davis v. Lansing*, the Court ruled

5

that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. *See also Craigo v. Hey*, 624 F. Supp. 414 (S.D.W.Va. 1985). In *Craigo*, the district court concluded that the petition for a writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under *Boyce v. Alizaduh*, *supra*, and *Todd v. Baskerville*, *supra*, and, therefore, was subject to summary dismissal. *Craigo v. Hey*, *supra*, 624 F. Supp. at 414. *Accord Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (1988) and *Robinson v. Illinois*, 752 F. Supp. 248, 248-249 & n. 1 (1990).

Since the defendant in the above-captioned case is a state official the United States District Court for the District of South Carolina does not have jurisdiction to issue a writ of mandamus against them, and it does not have appellate review over a state court's decision.

## IV. RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process.

                                                  s/Thomas E. Rogers, III  
                                                  Thomas E. Rogers, III  
                                                  United States Magistrate Judge

March 28, 2013  
Florence, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).